IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-166-BO

CLIFTON HOWARD, )
        Plaintiff, )
         )
v. )     O R D E R
         )
KILOLO KIJAKAZI, )
*Acting Commissioner of Social Security,* )
        Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on February 15, 2023, at Elizabeth City, North Carolina and the motions are ripe for ruling. For the reasons that follow, plaintiff's motion is granted and the matter is remanded to the Commissioner for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff filed the instant application for disability benefits in January 2013. Plaintiff received his first unfavorable decision from an administrative law judge (ALJ) in April 2015. Plaintiff sought judicial review in this Court, and the decision was remanded for further proceedings. On remand, another hearing was held and the ALJ issued an unfavorable decision. Plaintiff again sought judicial review and the decision of the ALJ was again remanded for further proceedings. The ALJ held another hearing and again issued an unfavorable decision on July 7, 2021. The ALJ's decision became the final decision of the Commissioner when the

Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment or combination of impairments meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his or her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he or she is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff last met the insured status requirements on December 31, 2014, and that he did not engage in substantial gainful activity from his alleged onset date through his date last insured. The ALJ found plaintiff's history of right crush fracture with residuals/chronic pain syndrome/carpal tunnel syndrome/neuropathy; adhesive capsulitis of the right upper extremity; and degenerative disc disease to be severe impairments at step two but that either alone or in combination plaintiff's impairments did not meet or medically equal a Listing at step three. The ALJ found plaintiff had the RFC to perform light work with limitations and that at step four plaintiff could perform his past relevant work through the date last insured. The ALJ further found at step five that other jobs existed in significant numbers which plaintiff could perform based upon his age, education, work experience, and RFC.

Substantial evidence does not support the ALJ's conclusion that plaintiff could perform a reduced range of light work on a regular and consistent basis. In September 2012, a different ALJ

3

rendered a final decision denying plaintiff's application for benefits which plaintiff did not appeal. Tr. 76-86. An ALJ must consider a prior ALJ's decision and RFC finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. AR 00-1(4), 2000 WL 43774, *4 (2000)[1]; *see also Albright v. Comm'r of the SSA*, 174 F.3d (4th Cir. 1999). The prior ALJ limited plaintiff to a reduced range of light work as well but found plaintiff could only lift and carry up to ten pounds with his right hand, occasionally push and pull with his right upper extremity, and occasionally finger, feel, and handle with the right hand. Tr. 80. In the instant decision on appeal, the ALJ placed no weight restrictions on plaintiff's right hand other than the light work restrictions[2] and limited plaintiff to frequent use of his right upper extremity for pushing, pulling, and reaching (except for overhead reaching), handling, fingering, and feeling. Tr. 780.

The record does not contain substantial evidence of improvement in plaintiff's right upper extremity during the relevant time period, and specifically the period between the amended alleged onset date in November 2013 to plaintiff's December 2014 date last insured. In order to distinguish

---

[1] AR 00-1(4) states in relevant part:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

[2] Light work requires a claimant to lift no more than twenty pounds at a time with frequent lifting and carrying of objects up to ten pounds. 20 C.F.R. § 404.1567.

4

his RFC finding from that of the prior ALJ, this ALJ impermissibly cherry-picked evidence which would support his higher RFC. *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017).

In December 2008, plaintiff's right hand was crushed in a press while he was working. Tr. 280. In December 2009, Dr. Kasselt found plaintiff's right hand had reached "maximal medical improvement." Tr. 269. Dr. Cooper also found plaintiff's right hand to have reached "maximal medical improvement" absent further treatment in June 2010. Tr. 311. The record does not contain evidence of additional hand treatment but does contain evidence of continuing pain and functional impairments in subsequent years. Though the ALJ relies on treatment notes and findings from 2013 and 2014 which showed, for example, no atrophy and the suggestion that plaintiff may not have been giving his best effort during strength testing, it is undisputed that plaintiff continued to complain of and carry a diagnosis of right-hand pain which was not well controlled with medication. *See, e.g.,* Tr. 432; Tr. 461; 503. While a nerve conduction study was otherwise normal, it also contained findings which would suggest "chronic, nonlocalized distal right median neuropathy." Tr. 515. Finally, plaintiff continued to complain of right-hand limitations and pain to his primary care providers into 2015. *See, e.g.,* Tr. 738. While the ALJ cites 2014 primary care records which "fail to show upper extremity abnormalities," the Court notes that those records reveal that plaintiff was seen primarily for chest congestion and a cough. Tr. 521-31.

In addition, while plaintiff continued to experience pain in his right hand, he also developed pain in his cervical spine supported by imaging showing multilevel degenerative changes with impingement of the C6 nerve root, Tr. 516, as well as adhesive capsulitis in his right shoulder. Tr. 507.

The prior ALJ found that plaintiff's

> impairments can be expected to cause him some pain and limitations in hand functioning and reductions in the claimant's residual functional capacity have been made accordingly. However, the claimant's clinical examinations and objective test

5

> results have not revealed the presence of any acute or chronic abnormalities that would be severe enough to prevent the claimant from performing at least some light work activity.

Tr. 84. The prior ALJ then limited plaintiff to, as is relevant here, occasional right upper extremity manipulative functions such as handling and fingering and a weight limitation of no more than ten pounds on the right. Substantial evidence in the longitudinal record does not support the subsequent ALJ's decision that plaintiff's condition had improved such that an increase in his RFC level, specifically the increase to frequent right upper extremity manipulative functions and lifting of up to twenty-five pounds on the right, was appropriate. Indeed, a claimant's abilities generally do not improve with age. *See, e.g., Albright*, 174 F.3d at 476 ("The mere passage of time often has a deleterious effect on a claimant's physical or mental condition."). Moreover, where, as here, a claimant has demonstrated through objective medical evidence that he has a condition that is likely to cause pain, the claimant can thereafter rely on subjective evidence to demonstrate the degree or extent of the pain, so long as the subjective evidence is otherwise not in conflict with the record. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

Whether to remand for a new decision or reverse for an award of benefits is within this Court's discretion. *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). Courts in the Fourth Circuit "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020). Here, the vocational expert testified at the hearing that if plaintiff was limited on his dominant right upper extremity to no more than ten pounds and occasional as opposed to frequent manipulative use as found by the prior ALJ plaintiff could not perform his past relevant work and there would be no jobs available in the national

6

economy which plaintiff could perform. Tr. 824-25. Additionally, based on plaintiff's age at the amended alleged onset date, his education, and work experience, a finding of disabled would be directed if plaintiff were to be limited to sedentary as opposed to a reduced range of light work. Accordingly, remand for a fourth hearing would serve no useful purpose and the Court finds that reversal for an award of benefits is appropriate.[3]

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the Commissioner is hereby REVERSED and the matter is remanded for an award of benefits.

SO ORDERED, this 74 day of March 2023.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff indicated that his constitutional challenge raised in his brief was waived, and thus the Court does not consider it.